# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY ELIZABETH TUCKER and JUDY NELL JOHNSON, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>CONTINENTAL ASSURANCE COMPANY, CNA )<br>GROUP LIFE ASSURANCE COMPANY, )<br>CARDINAL HEALTH FINANCIAL SHARED )<br>SERVICES and THE HARTFORD LIFE )<br>INSURANCE CO., )<br>)<br>Defendant(s). ) | Case No. 05-CV-345-TCK-SAJ |

### OPINION AND ORDER[1/]

The parties in this action have consented to the disposition of Defendant's motion to dismiss and strike by the United States Magistrate Judge. [Docket No. 14]. The Court held oral argument on the motion and **grants** the motion as more fully detailed in this Order. This action was originally referred to the undersigned for a status and scheduling conference. All parties agreed that scheduling should be delayed pending a ruling on this motion. Because this motion is now decided, the Court requests that the parties meet and attempt to reach agreement for a proposed scheduling order. If the parties are able to reach an agreement as to the proposed scheduling order, the parties should forward the proposed scheduling order to the Court. If the parties are unable to agree with regard to scheduling dates, the parties shall submit a proposed scheduling orders and the Court shall resolve any conflicts.

---

[1/] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' consent to have this motion decided by the United States Magistrate Judge.

**I.     BACKGROUND**

Defendant moves, in the motion to dismiss or strike, that all of Plaintiff's state law claims, including any claims seeking extra-contractual damages, compensatory relief or punitive damages, and a request for a jury trial be stricken or dismissed. The premise of Defendant's motion is that Plaintiff's Petition is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000 ("ERISA"). Defendant claims that the claims which Plaintiff seeks to bring based on state law are preempted by ERISA, that application of ERISA means Plaintiff is limited to the relief permitted by ERISA, and that ERISA provides no right to a jury trial.

Plaintiffs are employees of Cardinal Health Inc. ("Cardinal"), and participated in certain employee benefit plans. One of the benefits included life insurance benefits under a group life insurance policy issued by Continental Assurance Company ("CAC") to Cardinal.

Plaintiffs, who worked at Cardinal, enrolled their spouses in the life insurance plan during an open enrollment period and their spouses died. Plaintiffs allege that Plaintiffs were never told about any requirements for coverage for their spouses, but that the provisions provide that if life insurance is for less than $500,000.00 no prior approval or conditions apply. Defendants represent that Plaintiffs were denied life insurance because at the time that Plaintiffs' spouses were enrolled the spouses were on disability insurance and were therefore not eligible for coverage.

Defendants motion attaches, as exhibits, the claim and proof of death forms of Plaintiffs. The forms reference "group policy account number 83120675." [Docket No. 14]

Exhibit 3 and Exhibit 4. Defendant also attaches, as an exhibit, the Certificate of Insurance for Group Policy Number SR-83120675. [Docket No. 14-1] Exhibit 2.

## II.   ERISA APPLIES

Defendants primary contention is that ERISA applies to the insurance plan, and that many of Plaintiffs' claims are not permitted under ERISA. After reviewing the briefs submitted by the parties, considering the arguments of counsel, and the cases referenced by the parties, the Court finds that ERISA does apply.

In *Peckham v. Gem State Mutual of Utah*, 964 F.2d 1043 (10th Cir. 1992), the Tenth Circuit Court of Appeals addressed, as a threshold question, whether or not the benefit plan at issue was an "employee welfare benefit plan" under ERISA. *Id.* at 1045. In *Peckham*, the Court noted that "the determination of whether a policy is governed by ERISA is a mixed question of fact and law. Because this mixed question essentially involves conclusions drawn from undisputed facts, it is primarily a legal question." *Id.* at 1047, n.5. In this case, the Court concludes that the factual issues necessary to a determination of whether or not ERISA applies are not disputed by the parties and hence the Court may decide this legal issue.

### A.   Elements of ERISA are Met

Pursuant to 29 U.S.C. § 1003(a), ERISA governs employee benefit plans. An employee benefit plan is covered by ERISA if the following elements are met: (1) a "plan, fund, or program," (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or

severance benefits, (5) to participants or their beneficiaries. *Id.* at 1947, *citing Donovan v. Dillingham*, 688 F.2d 1367, 1371 (1982).

### 1. Plan, Fund, or Program

"A 'plan, fund, or program' exists if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." *Gaylor v. John Hancock Mutual Life Insurance Co.*, 112 F.3d 460 (10th Cir. 1997). In this case, these factors can be readily identified. The intended benefits are the life insurance benefits which Plaintiffs did not receive but claim that they are owed. The class of beneficiaries are the Cardinal employees and their eligible dependents, in this case the spouses of the Cardinal employees. The source of financing is the group life insurance and the procedures for receiving benefits are included within the benefits documents information submitted by Defendant as Exhibits 1 and 2 to their Motion to Dismiss. [Docket No. 14, Exs. 1 and 2].

### 2. Established or Maintained

"The purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan . . . has been established. Additionally, an employer's payment of premiums is substantial evidence that a plan has been established." *Sipma v. Mass. Casualty Ins. Co.*, 256 F.3d 1006, 1012 (2001). A plan is "established or maintained" when action is taken by the employer to provide benefits on a long-term basis and pay the premiums of the insurance. *Id.* "The established or maintained requirement is designed to ensure that the plan is part of an employment relationship." *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997). The court looks "at the degree of participation by the employer in the establishment or maintenance of the plan."

*Id.* "An important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long-term basis." *Id.*

In this case, the plan was established and maintained by Cardinal for its employees and eligible defendants. Cardinal is the plan sponsor and administrator. *See* [Docket No. 14, Exhibit 1, at p. 142]. Cardinal is the policyholder and the certificate provides that "the plan is maintained by Cardinal." *See* [Docket No. 14, Exhibit 2, at p. 28-30]. There is evidence of Cardinal's intention to provide benefits on a long-term basis. Cardinal paid a portion of the premiums. Plaintiffs' purchase of insurance was not an "isolated or aberrational" incident, but was part of a comprehensive insurance program. *Gaylor*, 112 F.3d at 464.

3. <u>By an Employer or Employee or Organization or Both</u>

The plan was established and maintained by the employer Cardinal for the benefit of its employees and eligible dependents. The plan documents provided by Defendant establish that Cardinal is the plan sponsor and administrator.

4. <u>For the Purpose of Providing Medical, Death, or Other Benefits</u>

The purpose of the benefits upon which Plaintiff has sued is a death benefit. Plaintiff does not challenge the purpose of the benefits.

5. <u>To Participants or Their Beneficiaries</u>

The benefits were provided to employees and their eligible dependents. In this case, Plaintiffs spouses were insured, and Plaintiffs claim that Defendants improperly denied death benefits to Plaintiffs.

### B. Plaintiffs' Arguments

Plaintiffs assert, in blanket fashion, that the Defendant policies were "neither established nor maintained by an employer for the purpose of providing for its participants or their beneficiaries. . . ." [Docket No. 21] Plaintiff's Brief, at 5.  Plaintiff suggests that no reasonable person can examine the facts or circumstances and conclude that a plan exists. However, a review of the plan documents provided by Defendant contradicts Plaintiffs' bare assertions.

In Plaintiffs' complaint, Plaintiffs characterize Defendants as entrepreneurs who marketed through Plaintiffs' employer merely to gain access to Plaintiffs as clients. The Court directed the parties to address the safe harbor provisions in ERISA under 29 C.F.R. § 2510.31(j)(1) - (4).  If all four of the requirements of the safe harbor provisions are met, an employer's policy is not a statutory employee welfare benefit plan covered by ERISA. The four requirements are:

    (1) no contributions are made by an employer or employee organization;

    (2) participation in the program is completely voluntary for employees or members;

    (3) the sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

    (4) the employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-l(j)(1)-(4). Plaintiffs do not specifically maintain that the elements of the safe harbor provisions are applicable. Defendants represent and Plaintiffs do not deny that contributions are made by the employer which negates element one. Defendant also represents that element three does not apply. The Court finds that the safe harbor is not applicable.

Plaintiffs articulate no specific discovery that is necessary prior to a determination of whether the plan is governed by ERISA. The majority of Plaintiffs' remaining arguments address preemption and whether or not ERISA preempts Plaintiffs' claims. The Court finds that the five statutory criteria are met and that ERISA applies.

## II.    STATE LAW PREEMPTED

Defendants asserts that all state law claims in Plaintiffs' Petition, including any claims seeking extra-contractual damages, compensatory relief, or punitive damages, including Plaintiffs' request for a jury trial, must be stricken.

Supreme Court and Tenth Circuit law are clear that ERISA preempts state law. In *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003), the Supreme Court recognized the ERISA state "savings clause" for state law that is "specifically directed towards the insurance industry." *Id.* at 1475. The Court concluded that "to be deemed a 'law which regulates insurance' . . . it must satisfy two requirements. First, the state law must be specifically directed toward entities engaged in insurance. Second, . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Id.* at 1479. In *Allison v. Unum Life Insurance Co. of America*, 381 F.3d 1015 (10th Cir. 2004), the Court held that, under *Miller*, Oklahoma's bad faith claims were

preempted, and that Oklahoma bad faith law is not a "law which regulates insurance." *Id.* at 1025.

The Court concludes that the state law claims brought by Plaintiffs are preempted by ERISA. Plaintiffs have identified no state law claim that meets the test outlined in *Miller*.

## III.   FRAUD CLAIMS PREEMPTED BY ERISA

Plaintiffs assert that numerous courts have held that ERISA does not preempt claims for fraudulent misrepresentation concerning coverage.

All of the cases relied upon by Plaintiff were decided prior to the Supreme Court's decision in *Miller*. In addition, all of the cases involve allegations of fraud in the solicitation or representation of the insurance on the part of the soliciting agent. In *Barnet v. Wainman*, 830 F. Supp. 610 (S.D. Fla. 1993), the court noted that the claim asserted by the plaintiff was that the insurance agent had advised the plaintiff to make false representations on the insurance forms. The court concluded that the claims were separate from ERISA and not precluded. In *Isaac v. Life Investors Insurance Co. of America*, 749 F. Supp. 855 (E.D. Tenn. 1990), the plaintiffs alleged that based on misrepresentations from the insurance agents, plaintiffs were persuaded to drop their insurance coverage which covered their daughter's scoliosis based on the promise that the new insurance coverage would cover expenses for the daughter's pre-existing condition. Subsequently, claims were denied based on the assertion that the condition was pre-existing. Plaintiffs sought recission of the plan and a return of the premiums paid. The Court noted that different circuits had different results, and after applying *Erie* concluded that the claims had no federal counterpart and could remain. In *Butler v. Fringe Benefits Plan, Inc.*, 701 F. Supp. 804 (N.D. Ala. 1988), the parents of a minor sued the insurance agent and agency that

persuaded the employee to switch medical benefit plans based on claims of fraud, tort, and violation of state statutes. The court concluded that the claims were not ERISA claims and not related to ERISA claims.

In each of the cases relied upon by Plaintiffs to support their argument that fraudulent misrepresentation has not been preempted by ERISA, the alleged fraud occurred prior to the parties entering into an insurance agreement.[2] By contrast, in this case, Plaintiffs allege in their complaint that Defendants failed to adequately investigate or underwrite the policies and investigated solely for the purpose of denying the claims. Plaintiffs assert fraud in the denial of the claims and request actual and punitive damages. Plaintiffs request contrasts with the cases referenced by Plaintiffs which asserted fraud in the inducement and/or sought recission damages. *See also Kelso v. General American Life Insurance Co.*, 967 F.2d 388 (10th Cir. 1992) (claim of misrepresentation and request of recission under Oklahoma law preempted by ERISA).

## IV.   BREACH OF FIDUCIARY DUTY

Plaintiffs assert that a claim of fiduciary duty is maintainable under ERISA. Defendant maintains that a private right-of-action for breach of fiduciary duties is not available where another remedy, available under § 1132(a) of ERISA exists. This argument is not well-developed by the parties.

---

[2] Defendant further cites to a Tenth Circuit case which is similar in finding claims that arose prior to the existence of the plan were not preempted. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999).

The Court is persuaded that any state law fiduciary duty claims are pre-empted by ERISA. To the extent that Plaintiff has alleged claims under 29 U.S.C. § 1132(a)(1)(B), those claims may remain in the action.

The Tenth Circuit Court of Appeals based its decision on the Supreme Court decision in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), and concluded that "§ 1132(a)(2) does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty." *Alexander v. Anheuser-Bush Companies, Inc.*, 990 F.2d 536, 540 (10th Cir. 1993), *citing Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Plaintiff may not assert a claim under 29 U.S.C. § 1132(a)(2). However, to the extent Plaintiffs have asserted a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B), Plaintiffs may proceed on that claim. *See Arocho v. Goodyear Tire & Rubber Co.*, 88 F. Supp. 2d 1175, 1185 (D. Kan. 2000).

## V. NO RIGHT TO JURY TRIAL

Plaintiffs have no claims other than those under ERISA. Plaintiffs are not entitled to a jury trial. *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998).

## VI. CONCLUSION

The Court concludes that ERISA applies. Plaintiffs' state law claims, fraud claims, and punitive damages claims are dismissed. This action may proceed as an ERISA action.

This action was initially referred to the undersigned for a status and scheduling conference. The parties agreed that prior to the Court reaching a decision on this motion, a scheduling order should not be entered. Now that this motion has been decided, the Court requests that the parties meet and confer and submit, if possible, a proposed agreed scheduling order for this case. If the parties are unable to reach an agreement with respect

to the scheduling order, the parties shall submit proposed scheduling orders and the Court will resolve any conflicts.

Dated this 17th day of February 2006.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge