UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY ELIZABETH TUCKER, and | ) | |
| JUDY NELL JOHNSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0345-CVE-SAJ |
| | ) | |
| CONTINENTAL ASSURANCE COMPANY, | ) | |
| CNA GROUP LIFE ASSURANCE COMPANY, | ) | |
| CARDINAL HEALTH FINANCIAL SHARED | ) | |
| SERVICES, and THE HARTFORD LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiffs filed this action seeking to recover benefits and enforce their rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). Plaintiffs challenge as arbitrary and capricious the defendants' decisions to deny life insurance benefits.

## I.

Plaintiffs Nancy Tucker ("Tucker") and Judy Johnson ("Johnson") were both employees of Cardinal Health, Inc. ("Cardinal") and were eligible for life insurance benefits through a group plan provided by their employer. Life insurance benefits were funded through a group policy purchased by Cardinal from Continental Assurance Company ("CAC"). CNA Group Life Assurance Company ("CNA") provided claims services under the group life insurance policy. Plaintiffs enrolled their spouses, Miles Tucker and John Johnson, for dependent coverage under Cardinal's group life insurance policy.

CAC issued Group Policy Number SR-83120675 ("the Plan") to Cardinal for life and disability insurance. The Plan vested the plan administrator, Cardinal, with "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the Plan." Admin. Rec. at 28. Cardinal delegated its claims administration authority to CNA to determine eligibility for life insurance benefits. The Plan states that the effective date of dependent life insurance coverage will be delayed if the dependent is disabled or is confined to a hospital. Dependent coverage becomes effective when the beneficiary "completely recovers and resumes normal activities" or "if employed, the first day after he is performing the material and substantial duties of his regular occupation on a full-time basis." Id. at 16. Life insurance benefits were available up to $100,000, but coverage had to be purchased in $25,000 increments.

Tucker enrolled her husband, Miles Tucker, for $75,000 of life insurance benefits effective July 1, 2001. Tucker's husband died on July 15, 2003, and she sent a letter to CNA requesting payment of $75,000 due to her husband's death. CNA forwarded plaintiff a claim form and notified her of the applicable language in the insurance policy that could preclude payment of benefits. In particular, CNA requested medical records from all of Miles Tucker's treating physicians from April 2001 to July 2003. CNA reminded plaintiff that her husband would not be eligible for coverage if he was disabled when she enrolled her husband for dependent coverage. Plaintiff returned the claim form, which noted that her husband's last day of employment was July 10, 1987, and she provided a list of medical facilities where her husband received medical treatment. CNA discovered that Miles Tucker received social security disability benefits from 1987 to 1998, but his benefits were converted to retirement benefits when he reached age 65 in 1998. CNA denied Tucker's claim for

2

life insurance benefits, because it determined that her husband did not recover from his disability or resume normal activities, and he was never eligible for benefits under the Plan. CNA offered to refund any premiums paid for dependent coverage, and notified her that she had a right to appeal the denial within 180 days.  Tucker hired an attorney to assist her with an appeal.  On January 12, 2004, she filed an appeal claiming that she did not receive a copy of the policy when she purchased life insurance coverage and, under Oklahoma law, CNA was estopped from denying her claim for benefits.  CNA denied Tucker's appeal, and concluded that any misstatement regarding open enrollment did not affect her right to receive life insurance benefits following her husband's death.

Johnson enrolled her husband, John Johnson, for $25,000 of life insurance benefits on July 1, 2001.  John Johnson died on January 26, 2003, and Johnson submitted a notification of loss to CNA.   On March 20, 2003, Johnson called CNA to discuss the status of her claim, and she mentioned that her husband was disabled for eight years before his death.  CNA sent her a letter denying her claim for life insurance benefits on March 21, 2003, because her husband was disabled from the effective date of coverage to the date of his death.  CNA immediately refunded any premiums paid on behalf of her husband, and notified her that she had a right to appeal CNA's decision within 180 days.  Johnson hired an attorney and, on August 8, 2004, her attorney notified CNA that Johnson sought reconsideration of its decision to deny her claim for life insurance benefits.  CNA upheld its decision to deny Johnson's claim, because her appeal was untimely.

## II.

As a preliminary matter the Court must establish the proper standard of review for plaintiffs' ERISA claims.  As plan beneficiaries, plaintiffs have the right to federal court review of benefit denials and terminations under ERISA.  "ERISA was enacted to promote the interests of employees

3

and their beneficiaries in employee benefit plans." <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 113 (1989).  Specifically, 29 U.S.C. § 1132(a)(1)(b) grants plaintiffs the right "to recover benefits due to [them] under the terms of the plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan."  The default standard of review is <u>de novo</u>.  However, when a plan gives the claims administrator discretionary authority to determine eligibility for benefits or to construe the terms of a plan, a challenge under section 1132(a)(1)(B) is to be reviewed under an arbitrary and capricious standard.  <u>See</u> <u>Firestone</u>, 489 U.S. at 115 (courts must apply the appropriate standard "regardless of whether the plan at issue is funded or unfunded and regardless of whether the administrator or fiduciary is operating under a possible or actual conflict of interest.  Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.").

Under the two-tier "sliding scale" approach adopted by the Tenth Circuit, a "reduction in deference is appropriate" where there is an inherent or proven conflict of interest.  <u>Fought v. Unum Life Ins. Co. of America</u>, 379 F.3d 997, 1006 (10th Cir. 2004).   If plaintiffs show a conflict of interest, deference to the administrator's decision is reduced and the burden shifts to plan administrator to prove "that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence."  <u>Id</u>.

In a conflict of interest situation, the determinative inquiry is whether the administrator's decision was supported by substantial evidence.  "'Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker].'   Substantial evidence requires 'more than a scintilla but less than a

preponderance.'" Sandoval v. Aetna Life & Cas. Inc. Co., 967 F.2d 377, 382 (10th Cir. 1992) (citations omitted). "The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." Allison v. Unum Life Ins. Co. of America, 381 F.3d 1015, 1022 (10th Cir. 2004). The Court considers the record as a whole, but it considers only that information available to the plan administrator at the time the decision was made. Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002); Chambers v. Family Health Plan Corp., 100 F.3d 818, 823 (10th Cir. 1996) ("The reviewing court may consider only the evidence that the administrators themselves considered."). The Court must "take into account whatever in the record fairly detracts from the weight of the evidence in support of the administrator's decision." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994) (internal citations and quotation marks omitted). The Court gives less deference to an administrator's conclusions if the administrator fails to gather or examine relevant evidence. See Caldwell v. Life Ins. Co. of N. America, 287 F.3d 1276, 1282 (10th Cir. 2002). Yet, the Court "will not set aside a benefit decision if it was based on a reasonable interpretation of the plan's terms and was made in good faith." Trujillo v. Cyprus Amax Minerals Co., Ret. Plan Comm., 203 F.3d 733, 736 (10th Cir. 2000).

The proper standard of review in this case is the "arbitrary and capricious" standard discussed by the Tenth Circuit in Fought. The Plan gives CNA discretionary authority to administer the plan and determine eligibility for benefits. There does not appear to be an inherent conflict of interest, because the plan administrator and the payor are separate entities. The Court will apply the arbitrary and capricious standard of review without any reduction in deference. CNA's decision will

5

be upheld as long as it falls within the "continuum of reasonableness," and the plan administrator's decision is supported by substantial evidence.  See Nance, 294 F.3d at 1269; Sandoval, 967 F.2d at 332.

### III.

Defendants claim that Johnson failed to exhaust her administrative remedies, because she did not file a timely appeal following denial of her claim.  Johnson argues that  her failure to exhaust administrative remedies should be excused, because exhaustion would have been futile.  She argues that the Court would have to decide the same substantive issues for both plaintiffs' claims, and the Court will have to reach the parties' arguments on the merits even if she did not fully exhaust her administrative remedies.

The Tenth Circuit requires claimants to exhaust administrative remedies before filing an ERISA claim in federal court.  Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1190 (10th Cir. 1999); McGraw v. Prudential Ins. Co. of America, 137 F.3d 1253, 1263 (10th Cir. 1998). An ERISA claimant must exhaust her internal appeals even if the plan does not expressly require exhaustion of internal remedies, because exhaustion is a judicial, not a contractual requirement. Whitehead, 187 F.3d at 1190.  There are two limited exceptions when courts have excused a plaintiff's failure to exhaust administrative remedies: (1) "when resort to administrative remedies would be futile," and (2) "when the remedy provided is inadequate."  McGraw, 137 F.3d at 1253. In order to establish that exhaustion would have been futile, plaintiff bears the burden to prove that "resort to administrative remedies would be 'clearly useless.'"  Id.

Johnson received a denial letter notifying her that she had a right to internally appeal any denial of benefits within 180 days, and the letter stated that plaintiff could file a claim in federal

court if her appeal was denied.  See Admin. Rec. at 361 ("To the extent your claim is governed by

ERISA, you have the right to bring a civil action under § 502(a) of ERISA following an adverse

decision on appeal.  Appeals received later than 180 days may not be considered.").  Contrary to

plaintiff's argument, futility is determined by looking at the facts at the time plaintiff could have

pursued her administrative remedies.  See Hill v. Blue Cross & Blue Shield of Michigan, 409 F.3d

710, 719-20 (6th Cir. 2005) (plan administrator lacked authority to change claims-handling

procedures and exhaustion would have been futile); Ravencraft v. UNUM Life Ins. Co. of America,

212 F.3d 341, 344 (6th Cir. 2000) (exhaustion required when plaintiff has not shown that appeal

procedures are insufficient or unfair); Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 402

(7th Cir. 1996) ("A plaintiff's failure to exhaust administrative remedies is excused: (1) where there

has been a lack of meaningful access to the review procedures; and (2) where exhaustion of internal

remedies would be futile.").

Johnson's argument that exhaustion would be futile is based on the fact that CNA denied

Tucker's claim for the same reasons and, therefore, CNA would likely have denied Johnson's claim

as well.  However, this does not show that the internal appeal process would have been useless or

that an appeal would have been futile.  Johnson had an opportunity to present additional evidence

to support her claim for benefits, and the plan administrator should have been allowed to consider

all of the evidence before Johnson filed an ERISA claim.  See McGraw, 137 F.3d at 1263

(exhaustion of administrative remedies places the responsibility for resolving benefit denials with

the plan administrator and allows the plan administrator to develop a complete record for a court to

review).  Plaintiff Johnson can not skip the internal appeal process simply because another claimant

has exhausted her administrative remedies before filing an ERISA claim.  Johnson's failure to

exhaust administrative remedies should not be excused, because she has not carried her burden to prove that administrative review of her claim would have been futile.  Johnson's denial letter was sent on March 21, 2003, but she did not appeal the denial until August 8, 2004.  The plan administrator properly denied Johnson's appeal as untimely, and the Court will not review the merits of her ERISA claim.

## IV.

The principal issued raised by plaintiffs is whether CNA's decision to deny benefits was reasonable under the terms of the plan.  Plaintiffs argue that CNA had a duty to notify them that their spouses were ineligible for coverage at the time it issued the policy and, by failing to promptly notify plaintiffs of the applicable policy language, defendants should be estopped from denying coverage.  The Court previously held that ERISA preempts all of plaintiff's state law claims, and plaintiffs' state law claims were dismissed.[1]  Dkt. # 32.  Therefore, plaintiffs' ERISA claim is the only claim remaining for resolution.  Given the Court's ruling that Johnson's ERISA claim should be dismissed for failure to exhaust administrative remedies, the Court will not review the merits of Johnson's ERISA claim.[2]  The Court will review defendants' denial of Tucker's claim for  benefits

---

[1]  The Court held that plaintiffs could pursue recovery for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B).  However, plaintiffs do not mention this theory of recovery in their ERISA briefing.  The sole remedy plaintiffs seek in their ERISA claim is unpaid benefits, but plaintiffs may not use a breach of fiduciary duty claim as an alternative theory of recovery when ERISA provides an adequate remedy.  Varity Corp. v. Howe, 516 U.S. 489, 515 (1996); Arocho v. Goodyear Tire & Rubber Co., 88 F. Supp. 2d 1175, 1185 (D. Kan. 2000).  Plaintiff has an adequate remedy under section 1132(a)(1)(B) to recover any unpaid benefits, and the Court will not construe her claim as one for breach of fiduciary duty.

[2]  Even though Johnson's claim has been dismissed for failure to exhaust administrative remedies, plaintiffs' briefing does not make any distinctions between Johnson's and Tucker's ERISA claim.  As a practical matter, the Court's ruling on Tucker's claim would also apply to Johnson's claim.

under an arbitrary and capricious standard, and plaintiffs' equitable estoppel claim under federal common law

**<u>Equitable Estoppel</u>**.

Tucker argues that defendants had a duty to investigate the insurability of their spouses before accepting premiums. She cites <u>Gaines v. The Sargent Fletcher, Inc. Group Life Insurance Plan</u>, 329 F. Supp. 2d 1198 (C.D. Cal. 2004), to support her claim that defendants may not review a decedent's eligibility for life insurance coverage after a claim has been filed. In <u>Gaines</u>, an employee purchased life insurance through his employer's group plan and enrolled his spouse for coverage. When his spouse died, the employee filed a claim seeking $150,000 in benefits, but the insurer refused to pay more than $20,000. <u>Id</u>. at 1203. The insurer claimed that the decedent did not submit evidence of good health, and plaintiff could not purchase more than $20,000 of life insurance coverage for his spouse. Plaintiff claimed he was unaware of this requirement before he submitted a claim, because his employer had not distributed the personal health statements with the enrollment packets. Applying a less deferential, intermediate standard of review, the court held that the insurer acted arbitrarily and capriciously when it denied plaintiff's claim for life insurance benefits. <u>Id</u>. at 1214. The plan was self-administered by plaintiff's employer, and there was no method in place for the insurer to monitor compliance with the program until a claim was filed. The court found that "the design of Hartford's system permits it to act with selective knowledge -i.e., to be aware of coverage when payment is at issue but ignorant of the beneficiary's satisfaction (or not) of coverage requirements." <u>Id</u>. The insurer was equitably estopped from denying coverage, and plaintiff was entitled to recover an additional $130,000 of life insurance coverage.

Gaines is distinguishable from the instant case in several important ways. The Tenth Circuit has not recognized the doctrine of equitable estoppel in the context of ERISA, but has suggested that the doctrine might apply in "egregious cases." Callery v. United States Life Ins. Co. in City of New York, 392 F.3d 401, 407-08 (10th Cir. 2004); Miller v. Coastal Corp., 978 F.2d 622, 625 (10th Cir. 1992); Straub v. Western Union Telegraph Co., 851 F.2d 1262, 1265-66 (10th Cir. 1988). Tucker's argument that equitable estoppel should automatically apply because the plan administrator has discretion to determine benefit eligibility is not supported by case law. Although the Gaines court relied on equitable estoppel, binding Tenth Circuit precedent precludes plaintiffs from relying on equitable estoppel unless they can show that this is an exceptional case. The decision in Gaines was reached under a de novo standard of review, meaning that no deference was shown to the plan administrator's decision. Gaines, 329 F. Supp. 2d at 1215. This Court is applying an arbitrary and capricious standard showing a substantial amount of deference to the plan administrator's decision, and it does not have the freedom to review the plan administrator's decision de novo. Although Gaines has some factual similarities, it appears that the Gaines court applied law that has substantial differences from Tenth Circuit precedent applicable to this case.

Even if the Court were to assume equitable estoppel is available in ERISA claims, the insurer's failure to provide a copy of the plan does not mandate the application of equitable estoppel to prevent the insurer from denying coverage. Welles v. Brach & Brock Confections, Inc., 14 Fed. Appx. 668, 672 (7th Cir. 2001). Tucker may not rely merely on the issuance of a policy to satisfy the reliance component of an equitable estoppel claim. Weir v. Federal Asset Disposition Ass'n, 123 F.3d 281, 290 (5th Cir. 1997) (equitable estoppel does not apply when plan administrator did not make any statements misleading beneficiary about the existence or scope of coverage); White

10

v. Provident Life & Acc. Ins. Co., 114 F.3d 26, 29 (4th Cir. 1997) (acceptance of insurance premiums does not constitute an affirmative representation for purposes of an equitable estoppel claim under ERISA).  Tucker believed that she was entitled to benefits upon her husband's death based on the fact that she purchased life insurance coverage, but she has produced no evidence that the plan administrator or her employer ever made any statements misleading her about the existence of coverage.  See Kaus v. Standard Life Ins. Co., 176 F. Supp. 2d 1193, 1198 (D. Kan. 2001) (insurer does not waive right to deny benefits after mistakenly accepting premiums).  Even if the Tenth Circuit recognized equitable estoppel in ERISA cases, Tucker can not proceed on an equitable estoppel theory without proving that she reasonably relied on a material representation by the plan administrator or her employer.  Equitable estoppel is not applicable to this case.

**Denial of Benefits**

The Court finds that CNA's decision to deny plaintiffs' claim for benefits was not arbitrary and capricious under the terms of the Plan.  The Plan specifically delays the effective date of coverage if the beneficiary is disabled at the time he enrolls for life insurance coverage.  Tucker claims that she was not provided a copy of the Plan at the time she purchased insurance coverage, and that she was unaware her husband was ineligible for coverage until he recovered from his disability.  Admin Rec. at 261.  However, Tucker has not cited any case law suggesting that this prevents an insurer from denying her claim or precludes application of any policy provisions.  In this case, the plain language of the Plan shows that Tucker's husband was not eligible for life insurance benefits due to his disability. The Plan clearly states that dependent coverage becomes effective when the beneficiary "completely recovers and resumes normal activities" or "if employed, the first day after he is performing the material and substantial duties of his regular occupation on a full-time

11

basis." Id.. at 16.  The evidence shows that Tucker's husband received social security disability benefits starting in 1987, and continued to receive social security benefits until his death in 2003. Although the benefits were converted to retirement benefits in 1998, Tucker has not cited any evidence suggesting that her husband's condition improved, and the fact of his disability is uncontested.

Tucker has the burden to prove that CNA acted in an arbitrary and capricious manner when it denied her claim for life insurance benefits.  The Plan language is not ambiguous, and plaintiff's attempt to create an ambiguity by referring to the owner's manual is misguided.  Plaintiff cites Hansen v. Continental Insurance Company, 940 F.2d 971 (5th Cir. 1991), for the proposition that a summary plan description is binding if there is a conflict between the plan and the summary plan description.  The Fifth Circuit held that the language of the summary plan description is controlling when an ambiguity is created by differing language in the plan and the summary plan description. However, unlike in Hansen, Tucker has not shown that there is any ambiguity when the Plan and the owner's manual are read together.[3]  In addition, Tucker does not claim that she relied on any statements in the owner's manual before or after her claim was denied.  The language of the Plan is clear that life insurance coverage does not begin if the insured is disabled at the time he enrolls for coverage, and the owner's manual does not create any ambiguity on this point.  Tucker is not

---

[3]      Plaintiffs rely on a provision stating that "[a]ny statement made by [the insured] will be deemed a representation and not a warranty."  Admin. Rec. at 61.  This provision refers to the insurers right to void an insurance policy under Okla. Stat. tit. 36, § 3609 for fraudulent statements in an insurance application.  However, defendants have not claimed that plaintiffs made a material or fraudulent misrepresentation and, even if the Court were to find any ambiguity between the plan and the summary plan description, this issue is irrelevant to resolving plaintiffs' ERISA claims.

entitled to recover life insurance benefits due to any ambiguity between the Plan and the owner's manual.

CNA's decision to deny Tucker's claim for life insurance benefits was not arbitrary and capricious, and the Plan administrator's decision is affirmed.

**IT IS THEREFORE ORDERED** that plaintiff Nancy Elizabeth Tucker's ERISA claim is **denied**, and a separate judgment for defendants against her is entered herewith.  Plaintiff Judy Nell Johnson's ERISA claim is **dismissed** for failure to exhaust administrative remedies.

**DATED** this 29th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT